AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| United States of America<br><br>v.<br><br>ADRIAN ANDREW MARTINEZ,<br><br>Defendant(s) | Case No. 2:25-MJ-03759-DUTY |

FILED
CLERK, U.S. DISTRICT COURT
June 19, 2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CLD___ DEPUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of June 17, 2025 in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 372 | Conspiracy to Impede a Federal Officer |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

Nicholas DeSimone, HSI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: June 19, 2025   5:45 a.m.

Judge's signature

City and state: Los Angeles, California

Hon. Alka Sagar, U.S. Magistrate Judge
*Printed name and title*

AUSA: Alexander P. Robbins

**AFFIDAVIT**

I, Nicholas DeSimone, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for Adrian Andrew MARTINEZ ("MARTINEZ"), charging him with violating Title 18, United States Code, Section 372, Conspiracy to Impede or Injure a Federal Officer.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF RESIDENT AGENT IN CHARGE NICHOLAS DESIMONE

3. I am a Homeland Security Investigations ("HSI") Special Agent ("SA") and have been employed as such since February 21, 2016. I am authorized by Title 8, United States Code, Section 1357, and Title 19, United States Code, Section 1589a, to investigate immigration law and customs law violations, respectively.

4. On March 5, 2009, I began my law enforcement career with the United States Border Patrol ("USBP") as a Border Patrol

agent. From 2009 to 2016, I was primarily assigned to the USBP's El Centro Sector in Southern California. During my tenure with the USBP, I was assigned to various interdiction and intelligence teams, and from my assignment on these teams, I became trained and experienced in surveillance, investigative research, the analysis of telephone records, and basic investigative skills related to the interdiction of contraband smugglers. Additionally, during this period, I was the Indio Border Patrol Station's prosecutions officer. In that role, my duties involved conducting reactive investigations of both immigration and customs violations and, if applicable, seeking criminal prosecutions for those violations. During the course of my employment with the USBP, I was involved in hundreds of prosecutions related to the illegal entry of criminal aliens into the United States and the smuggling of human and drug contraband by transnational criminal organizations.

5. In 2016, I began my employment with HSI. I attended and completed the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the HSI Special Agent Training Program.

6. Following the completion of my training, from 2016 to 2019, I was assigned to the HSI Los Angeles International Airport ("LAX") Office in El Segundo, California, where I was primarily assigned to investigating contraband smuggling – namely opioid smuggling – via the mail and commercial cargo systems.

7. From 2019 to 2024, I was a member of Group 46 of the Southern California Drug Task Force, where I was tasked with performing criminal investigations into complex drug trafficking conspiracies and networks. During this period, I led and participated in dozens of investigations of complex drug trafficking conspiracies.

8. I am currently the Resident Agent in Charge of the HSI Integrated Operations Group Task Force ("Task Force"). As part of this Task Force, I investigate various federal crimes with Department of Homeland Security ("DHS") agents and analysts, including from HSI and Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations. As a result of my collaboration with these DHS employees on this Task Force, I have conducted investigations for a wide variety of federal offenses.

### III. STATMENT OF PROBABLE CAUSE

9. On or about June 17, 2025, USBP agents were conducting roving patrol duties in the City of Pico Rivera, California, within the Central District of California. At approximately 8:45 a.m., USBP agents entered the parking lot of a public commercial shopping center in Pico Rivera. As they drove through the parking lot, USBP agents observed two individuals run away from them. The agents were able to pursue and arrest one of those individuals, who was determined to be a foreign national, illegally present in the United States.

10. On or about June 18, 2025, I reviewed video footage – obtained via social media posts and through news media – and

3

discussed the incident with USBP personnel.  Based on these reviews and conversations, I learned the following:

      a.    While USBP agents were arresting the individual in the parking lot, MARTINEZ was driving nearby.  The image below depicts MARTINEZ in his vehicle, a black sedan, approaching a USBP agent who has the individual in custody.



      b.    MARTINEZ stopped his vehicle, exited it, and confronted the USBP agents.  Several other individuals also stopped their vehicles and parked near USBP agents, partially blocking the lanes in the parking lot as the agents attempted to leave the area with the arrestee.  The bystanders collectively honked at the agents and shouted at them, yelling at the agents to leave the area.

      c.    At this point, USBP agents became unable to depart the area because their vehicle was blocked by bystanders' vehicles, including MARTINEZ's vehicle.  The image below depicts the USBP vehicle, apparently blocked in and unable to leave.  In

the photo, MARTINEZ appears to be standing in front of the USBP vehicle.



  d. At one point, MARTINEZ moves a trash can in front of the USBP vehicle, which appears to block its ability to pass through a relatively narrow path created by two other vehicles that were impeding the exit of the USBP vehicle and preventing the agents from leaving the scene.

  e. Shortly thereafter, additional USBP agents arrive to assist in clearing the area to allow the arresting agents to depart the scene. Approximately one minute later, the USBP vehicle in the photo was able to depart.

 11. Based on my review of the video footage and my conversations with USBP personnel, it appears that multiple individuals, including MARTINEZ, were displeased with USBP's presence and activities at the shopping center in Pico Rivera and acted in concert to interfere with the USBP agents in the

discharge of their duties, including by temporarily blocking the USBP agents' free passage and ability to depart the scene.

### IV. CONCLUSION

12. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 18, United States Code, Section 372, Conspiracy to Impede or Injure a Federal Officer.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __19th__ day of June
2025.

_____
HONORABLE ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE