BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER P. ROBBINS (Cal. Bar No. 251845)
Assistant United States Attorney
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2400
    E-mail:   alexander.p.robbins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-MJ-3759 |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH |
| v. | |
| ADRIAN ANDREW MARTINEZ, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Alexander P. Robbins, opposes defendant's motion to quash its subpoena for records.  (Dkt. 14.)

On or about June 25, 2025, after the events charged by the complaint in this case, defendant Adrian Martinez voluntarily sat for an interview with a local media outlet and discussed events related to (1) the charged conduct in this case and (2) his subsequent arrest by federal agents.  An edited version of that interview is available online at https://www.nbclosangeles.com/video/on-air/us-citizen-speaks-out-after-being-detained-by-border-patrol-agents-in-pico-

rivera/3732700/.  Defendant objects to the subpoena on the ground that it seeks "videos and documents related to the incident leading to Mr. Martinez' arrest, videos of Mr. Martinez' interviews with media outlets, as well as correspondence between Mr. Martinez and media outlets."  Defendant claims that the subpoena violates his Fifth Amendment right against self-incrimination and Rule 17(h) of the Federal Rules of Criminal Procedure, that it seeks irrelevant information, and that compliance with the subpoena would be "unreasonable and oppressive."  Each claim is meritless.

**1.  There is no Fifth Amendment right to refuse to produce voluntarily created recorded admissions.**

The Fifth Amendment protects a person against being "compelled in any criminal case to be a witness against himself."  U.S. Const. Amend. V.  As the Supreme Court has explained, this provision bars the Government from "compelling a person to give 'testimony' that incriminates him."  Fisher v. United States, 425 U.S. 391, 409 (1976); see also United States v. Doe, 465 U.S. 605, 610 (1984) ("[T]he Fifth Amendment protects [a] person . . . from compelled self-incrimination." (emphasis in original)).  Because the privilege against self-incrimination "protects a person only against being incriminated by his own compelled testimonial communications," Fisher, 425 U.S. at 409, it does not protect the contents of documents or records that the person created voluntarily or that were created by someone else.  See id. at 409-10; see also United States v. Hubbell, 530 U.S. 27, 35-36 (2000); Doe, 465 U.S. at 610-11.  The content of such documents is not protected because there is no compelled testimony: the content already exists, and so, while

1 forcing someone to hand over records may implicate the Fourth
2 Amendment, it does not implicate the Fifth.  As Fisher put it, the
3 "question is not of testimony but of surrender."  Fisher, 425 U.S. at
4 411.
5     Nevertheless, although the contents of pre-existing records may
6 not be protected by Fifth Amendment, the act of responding to a
7 demand for those records may be.  Fisher explained that "[t]he act of
8 producing evidence" may sometimes constitute "testimony" within the
9 meaning of the Fifth Amendment, "wholly aside from the contents of
10 the papers produced."  425 U.S. at 410.  This is known as the "act of
11 production" doctrine.  A lawful demand for records commands its
12 recipient to perform certain tasks -- namely, to gather up and
13 produce the records.  If the very act of complying with the demand
14 would cause someone to incriminate himself, then the Fifth Amend-
15 ment's privilege against self-incrimination may apply.  "When a
16 witness turns over documents in response to a subpoena, he tacitly
17 says two things of potential significance.  First, he says: 'I have
18 these documents.'  Second, he says:  'These seem to be the documents
19 you want.'"  Samuel A. Alito, Documents and the Privilege Against
20 Self-Incrimination, 48 U. Pitt. L. Rev. 27, 46 (1986) (discussing the
21 then-new framework used by the Supreme Court in applying the Fifth
22 Amendment privilege against self-incrimination to compulsory process
23 for documents).
24     According to Fisher, a subpoenaed witness's act of production
25 may implicitly admit (1) "the existence of the papers demanded," (2)
26 that the records are in the witness's "possession or control," and
27 (3) that the records are authentic, that is, the records "described
28

3

1  in the subpoena." Fisher, 425 U.S. at 410. If any of these
2  admissions would be incriminating based on the facts of a particular
3  case, then the Fifth Amendment may allow a person to refuse an
4  otherwise-lawful demand for records.
5      This "act of production" doctrine is well understood by the
6  Ninth Circuit. As the court of appeals has explained, "where
7  documents are voluntarily created and kept, compelling their
8  disclosure does not implicate the privilege against self-
9  incrimination." In re M.H., 648 F.3d 1067, 1071 (9th Cir. 2011)
10 (citing Doe and Fisher, emphasis in original). But "the act of
11 producing documents in response to a subpoena may have a compelled
12 testimonial aspect, in that the act may implicitly communicate
13 statements of fact, such as that the papers existed, were in the
14 producer's possession or control, and were authentic." In re Twelve
15 Grand Jury Subpoenas, 908 F.3d 525, 528 (9th Cir. 2018) (quotation
16 marks and formatting omitted).
17     Here, there is obviously no issue with any statements defendant
18 voluntarily made to the media. Those were not compelled. The only
19 question would be what, if anything, defendant admits by
20 demonstrating that he possesses copies of such statements. The
21 answer is nothing. Certainly defendant does not explain what, under
22 the act-of-production doctrine, he might be admitting, which it is
23 his burden to do. See Hoffman v. United States, 341 U.S. 479, 486
24 (1951) (explaining that the person raising a Fifth Amendment claim
25 has the burden of establishing the factual foundation for the claim,
26 and that a defendant's "say-so does not of itself establish the
27 hazard of incrimination").
28

4

**2.   Rule 17(h) applies only to subpoenas issues under Rule 17.**

Rule 17 of the Federal Rules of Criminal Procedure government trial subpoenas.  Rule 17(h) provides that "[n]o party may subpoena a statement of a witness or of a prospective witness under this rule," and that instead "Rule 26.2 governs the production of the statement." Rule 26.2, in turn, governs recorded statements of witnesses "other than the defendant" who have "testified on direct examination." Fed. R. Crim. P. 26.2(a).

To begin with, the government does not intend to call defendant as a witness at trial.  See U.S. Const., Amend. V.  Rule 17(h) is therefore inapplicable.  Moreover, Rule 17 does not prevent the issuance of other types of subpoenas to the target of an investigation.  See, e.g., United States v. Mandujano, 425 U.S. 564, 584, n.9 (1976).

**3.   The evidence sought is relevant.**

In the interview video, defendant discusses how he -- as part of a hostile crowd -- surrounded a truck being driven by federal agents who had arrested an unlawfully present alien and attempted to prevent the agents from leaving with the arrestee.  That is the basis for the 18 U.S.C. § 372 conspiracy charge in the complaint.  United States v. Barber, 442 F.2d 517, 523 (3d Cir. 1971).  As defendant puts it in the edited interview, "all I was doing was sticking up for someone who couldn't talk for himself."  Or, as the journalist voice-over put it, "he says he has no regrets."  (Interview at 2:45.)

Even the difference between these two statements illustrates why the subpoenaed evidence is relevant.  Defendant clearly told interviewers more than what they aired; that evidence is relevant to

5

whether defendant intended to forcibly impede federal law enforcements and whether he acted in concert with the crowd.

**4. There is no reason compliance should be unduly burdensome.**

Defendant complains only about the five-day turnaround requested by the subpoena. But he apparently had time to file his motion over the weekend. It is unclear why handing over whatever emails, text, recordings are already in his possession should be "unreasonable and oppressive" in this context.

Dated: August 18, 2025

BILAL A. ESSAYLI
Acting United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

/s/ Alexander P. Robbins
────────────────────────
ALEXANDER P. ROBBINS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA